### 17824.   BANK OF PARROTT *v.* KENYON.

1. Assuming, under the authority of *Bridges* v. *Southern Bell Telephone &c. Co.*, 12 *Ga. App.* 108 (76 S. E. 996), that a stockholder in a corporation can maintain an action against the purchaser of the corporate property for damages by reason of an illegal and unauthorized sale of the corporate assets by the president, the principle thus assumed to be the legal rule would not have application in the instant case, where the previous conveyance of the corporate assets to the president (subsequently conveyed by him to the defendant) presumptively appears to have been authorized by virtue of the signature of the secretary of the corporation, carrying the corporate seal. *Frazier* v. *Swain*, 147 *Ga.* 654 (95 S. E. 211); *Nelson* v. *Spence*, 129 *Ga.* 35 (5), 38 (58 S. E. 697); *New York Life Ins. Co.* v. *Rhodes*, 4 *Ga. App.* 25 (4) (60 S. E. 828); *American Investment Co.* v. *Cable Co.*, 4 *Ga. App.* 106 (3), 110 (60 S. E. 1037). While it is true that one taking from an officer of a corporation corporate assets which purport to have been conveyed to the officer in a deed executed in the corporate name by and to the officer is bound to take notice that the officer thus dealing with himself might not have been acting in the interest of the corporation, but for the benefit of himself, and while it is true that such a conveyance, if without proper and valid consideration, is void as against the corporation, still, in conformity with the rule set forth in *Henderson Lumber Co.* v. *Chatham Bank & Trust Co.*, 33 *Ga. App.* 196 (125 S. E. 867), since there is nothing in the instant case to discredit the secretary's execution of the deed to the president and since the mere fact that such a conveyance bears also the signature of the official who is the grantee in the deed would not operate to destroy the presumption in favor of the regularity of the transaction as effected by the corporation through its secretary, the grantee of the president is protected, in the absence of proved notice to it of the invalidity of the conveyance. Especially would such rule have application where, as here, it is not alleged that the corporation did not receive from the president full and adequate consideration for the property conveyed to him by the corporation through its secretary, it not being alleged what the value of the property was at the time of the sale to the president. Accordingly, the petition failed to set forth a cause of action, and the court erred in overruling the demurrer thereto.

2. The foregoing principle being controlling, it is unnecessary to pass upon the defendant's contention that the claim of the plaintiff was barred by the statute of limitations.

DECIDED JULY 14, 1927.

---

Corporations, 14a C. J. p. 113, n. 35, 43 New; p. 155, n. 75 New; p. 161, n. 57; p. 397, n. 17.

Action for damages; from Terrell superior court—Judge Yeomans. November 15, 1926.

*R. R. Jones,* for plaintiff in error. *W. H. Gurr,* contra.

JENKINS, P. J.   Kenyon brought suit against the Bank of Parrott for damages in the sum of $100, alleging in substance that he was the owner of ten shares of the capital stock of the Farmers Union Gin Company, of the par value of $100 and of the actual value of $140; that on April 4, 1919, the gin company, by and through its president and secretary, executed to its president a deed to all of its property, and that on July 30, 1924, the grantee therein executed a deed conveying the property to the defendant, and that the defendant went into possession of the property formerly belonging to the gin company and refuses to recognize the plaintiff's rights therein; that after the execution of the deed to the company's president, the president recognized the plaintiff's rights as a shareholder, and continued to pay him dividends on his stock until the execution of his deed to the defendant, and offered to purchase his stock in the corporation, but that the plaintiff declined to sell.   He alleged that he had no notice of the intention of the president to deed to himself the assets of the company, and had no notice of any meeting of the company's stockholders with reference thereto.   He further alleged that the defendant, "at the time it acquired its rights in and to said property by virtue of the deed aforesaid,  . .   through its officers had actual notice and knowledge of the fact that petitioner's ten shares of stock in the Farmers Union Gin Company were still outstanding and owned by petitioner."   It was not alleged that the president did not pay full value for the corporation's property, or that the defendant did not pay the president for the property, or that there was any fraud in either of such transactions.   The conveyance to the president, made in the year 1919, sets forth a consideration of $2500.   The petition does not set forth what the value of the property was at the time of such conveyance, but does allege that at the time of the second conveyance, in the year 1924, from the president to the defendant, the property was worth $3500.   It was contended by the defendant that the petition showed on its face that any claim the plaintiff might have had was barred by the statute of limitations, and the plaintiff contended that such bar did not attach, because the president of the corporation had con-

tinued to pay dividends to the plaintiff after the date of the company's deed to him.

*Judgment reversed. Stephens and Bell, JJ., concur.*